<u>Michael Lee Gordon #64459-061</u>
Name and Prisoner Number/Alien Registration Number

<u>USP Tucson</u>
Place of Confinement

<u>P.O. Box 24550</u>
Mailing Address

<u>Tucson, Arizona 85734</u>
City, State, Zip Code

```
         FILED           LODGED
         RECEIVED        COPY

  7      AUG 3 1 2018      7

       CLERK U S DISTRICT COURT
         DISTRICT OF ARIZONA
  BY_____DEPUTY
```

(Failure to notify the Court of your change of address may result in dismissal of this action.)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

<u>Michael Lee Gordon</u>             )
(Full Name of Petitioner)            )
                                     )   CASE NO. CV18-0442 TUC RM BGM
              Petitioner,            )   _____
                                     )        (To be supplied by the Clerk)
         vs.                         )
                                     )
<u>J. Baltazar, warden</u>           , )   PETITION UNDER 28 U.S.C. § 2241
(Name of Warden, Jailor or authorized person )   FOR A WRIT OF HABEAS CORPUS
having custody of Petitioner)        )   BY A PERSON IN FEDERAL CUSTODY
                                     )
              Respondent.            )
                                     )

## PETITION

1. What are you challenging in this petition?
   ☐ Immigration detention
   ☐ Bureau of Prisons sentence calculation or loss of good-time credits
   ☐ Probation, parole or supervised release
   ☒ Other (explain): <u>Convictions and Sentence.</u>

2. (a) Name and location of the agency or court that made the decision you are challenging: <u>United States District Court, Southern District of Ohio</u>

   (b) Case or opinion number: <u>#2:97-cr-167</u>

   (c) Decision made by the agency or court: <u>I was convicted on all fourteen (14) counts in the indictment.</u>

Revised 3/9/07                              ①                                530

(d) Date of the decision: 5-20-1999

3. Did you appeal the decision to a higher agency or court?   Yes ☑   No ☐

If yes, answer the following:

(a) First appeal:

(1) Name of the agency or court: Sixth Circuit Court of Appeals

(2) Date you filed: 5-20-1999

(3) Opinion or case number: ~~~~~~ #99-3679

(4) Result: Affirmed

(5) Date of result: December 15, 2000

(6) Issues raised: Peremptory challenge

Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.

(b) Second appeal:

(1) Name of the agency or court: United States Supreme Court

(2) Date you filed: NA

(3) Opinion or case number: NA

(4) Result: denied

(5) Date of result: NA

(6) Issues raised: Peremptory challenge

Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.

(c) Third appeal:

(1) Name of the agency or court: NA

(2) Date you filed: NA

②

(3) Opinion or case number: __N/A__

(4) Result: __N/A__

(5) Date of result: __N/A__

(6) Issues raised: __N/A__

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.**

4. If you did not appeal the decision to a higher agency or court, explain why you did not: __N/A__

5. Other than the appeals listed above, have you filed any other petitions, applications or motions concerning the issues raised in this petition?   Yes ☑   No ☑

If yes, answer the following:

(a) Name of the agency or court: __N/A__

(b) Date you filed: __N/A__

(c) Opinion or case number: __N/A__

(d) Result: __Denied__

(e) Date of result: __N/A__

(f) Issues raised: __N/A__

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.**

6. For this petition, **state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.** Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

   **CAUTION:** <u>To proceed in the federal court, you must ordinarily first exhaust (use up) your available administrative remedies on each ground on which you request action by the federal court.</u>

**GROUND ONE:** Pursuant to Johnson and Dimaya Petitioner submits that 18 USC 1951 (i.e Hobbs Act Robbery) categorically fails to qualify as a "crime of violence" under 18 USC 924(c)(3)(B)'s "force clause", and because 18 USC 924(c)' residual clause is unconstitutionally vague, no legal basis exists, for an 18 USC 924(c) conviction and sentence and Petitioner is "actually innocent."

(a) Supporting FACTS

On November 17, 1998, Petitioner was indicted in a fourteen-count superceding indictment (Counts 1, 3, 5, 7, 9, 11 and 13) unlawfully obstructing affecting commerce and the movement of Articles, in violation of 18 USC 1951; and, (Counts 2, 4, 6, 8, 10, 12 and 14), carrying a pistol in relation to a crime of violence, in violation of 18 USC 924(c). On March 5, 1999, Petitioner was found guilty on all counts after a week-long trial; and on May 20, 1999, Petitioner was sentenced to a total term of 1,651 months imprisonment to be followed by a three year term of supervised release. (R. 190 Judgement). On May 20, 1999, Petitioner filed a Notice of Appeal and, on December 15, 2000, the Sixth Circuit Court of Appeals affirmed his convictions and sentence. (R. 209, order/mandate). Subsequently, Petitioner filed an initial motion to vacate his sentence, pursuant to 28 USC 2255 and on September 30, 2002 the district court denied Petitioners motion (R. 267 order); and on October 24, 2002, the district court also denied Petitioner's motion for a certificate of Appealability. (R. 270, order). Thereafter, Petitioner filing his initial post-conviction relief motion pursuant to 28 USC 2255; on June 26, 2015, the United States Supreme Court decided Johnson v. US, 135 S.Ct 2551

(next page over) →

(b) Did you exhaust all available administrative remedies relating to Ground One?   Yes ☑   No ☐

(c) If yes, did you present the issue to:
  ☐ The Board of Immigration Appeals
  ☐ The Office of General Counsel
  ☐ The Parole Commission
  ☑ Other: _____

(d) If you did not exhaust all available administrative remedies relating to Ground One, explain why:

N/A

④

Cont'd

(2015), finding the residual clause of the ACCA to be unconstitutionally vague, and striking it. furthermore, the United States Supreme Court decided in Sessions v. Dimaya, 138 S. Ct. 1204 (2018), that the residual clauses definition of "crime of violence" under 18 USC § 16 (b) is also unconstitutionally vague.

  * Note: In chief Justice John Roberts dissent Justice Roberts states: "Of special concern, §16 is replicated in the definition of "crime of violence" applicable to §924 (c), which prohibits using or carrying a firearm "during and in relation to any crime of violence," or possessing a firearm "in furtherance of any such crime." §§ 924 (c)(1)(A), (c)(3). Though I express no view on whether §924 (c) can be distinguished from the provision we consider here, the Court's holding calls into question convictions under what the Government warns us is an "oft-prosecuted offense." Brief for United States 12.""

  Petitioner submits that pursuant to Johnson and Dimaya; his violation of 18 USC 1951, interference with Interstate Commerce by means of robbery, categorically fails to qualify as a "crime of violence" under 924 (c)'s "force clause", and because 924 (c)'s residual clause is unconstitutionally vague, no legal basis exists for a 924 (c) conviction and sentence. The Johnson and Dimaya ruling narrowed the scope of 18 USC 1951 rendering Petitioner's conduct outside the criminal

Cont'd:
law making authority to prescribe and adjudging Petitioner guilty and sentenced for a non-existent offense and Petitioner is "actually innocent" of seven counts of 18 USC 924(c).

## Memorandum of Law

Petitioner, submits that, because his 18 USC 924(c) convictions relied on an underlying offense which is <u>not</u> a "crime of violence," his convictions and sentences under 924(c) is invalid.

Hobbs Act robbery includes takings by means of fear, and 'fear' has an expansive definition that includes an implied threat of injury to a person's property at some future time. This definition also includes threats to intangible assets. The words or behavior that cause another to fear injury to property are not the same as those which intentionally threaten the use of force. Put another way, threatened harm to property need not always involve violent physical force. It follows then that not all 'injuries' will necessarily be caused by the application of force.

For example, an implied threat may cause another to fear some future injury to his right to conduct a lawful business. But this threat does not fit the category of "active, violent crimes" that the Supreme Court has explained fall within the force clause, Leocal v. Ashcroft, 543 U.S. 1, 11 (2004). In other words, Hobbs Act robbery is so expansive

that it can be accomplished by threatening to inflict future economic harm or to key a car or slash tires. Such threats directed at property are not the same as a threat of violent physical force directed at a person. Because it is possible to threaten injury to property without also threatening force against a person, the full range of conduct covered by the Hobbs Act will not always involve violent physical force against a person as required by § 924(c)(3)(A)'s force clause. See Johnson v. United States, 559 US 133, 140 (2010) (Johnson I) (phrase 'physical force' in force clause means violent force, force capable of causing physical pain or injury to another). Therefore, Hobbs Act robbery is not a "crime of violence" and should not have been used to enhance Petitioner's sentence under § 924(c)(1)(A).

Any arguement that even though the text of the Hobbs Act robbery statute expressly includes a threat of injury to property, such threat is one and the same as a threat to a person or if Petitioner threatens injury to property in the course of a Hobbs Act robbery, such threat will always involve a threat of violent physical force against another is without merit.

This arguement is contrary to the fundamental cannon of statutory construction that courts "must give effect to every provision and word in a statute and avoid any interpretation that may render statutory terms meaningless or superfluous." Scott v. United States, 328 F.3d 132, 139 (4th Cir. 2003) (citing Fretag v. Comm'r Internal Revenue,

501 U.S. 868, 877 (1991)); See also Loughrin v. United States, 134 S. Ct. 2384, 2390 (2014) (courts must follow "the cardinal principle of interpretation [and]... give effect, if possible, to every clause and word of a statute.") Section 1951 (b) provides that Hobbs Act robbery can be committed by putting another in fear of injury to his "person or property." But by treating these disjunctive terms as one and the same, the government renders the word "property" utterly meaningless and thwarts Congress's intent. If Congress meant for every threat of injury to property to also equal a threat of force against a person, then it had no need to add threats against property to threats against a person. However, because Congress did include both terms in the disjunctive, they must be treated as distinct terms. See United States v. O'Conner, 847 F.3d 1147, 1154 (10th Cir. 2017) (rejecting government's arguement that Hobbs Act robbery does not involve misconduct directed at property). Indeed, Congress "says in a statute what it means, and means in a statute what it says there." Connecticut Nat. Bank v. Germain, 503 U.S. 249, 254 (1992).

 It is unreasonable to conclude that a threat of injury to property under the Hobbs Act robbery statute — which can be broadly accomplished by threat of future harm against intangible property — equals a threat of violent physical force against a person. This position violates well settled principles of statutory construction, but it unreasonably concludes that a threat of injury to property under the

Hobbs Act robbery statute — which can be accomplished by a threat of future economic harm — always constitutes a threat of force against a person. The government cannot prove that even the "most innocent" way of threatening injury to property will automatically include a threat of violent physical force, i.e. strong physical force, against a person. United States v. Torres-Miguel, 701 F.3d 165, 167 (4th Cir. 2012). In other words, the government must prove that "the minimum conduct" encompassed under the Hobbs Act robbery statute will always involve violent physical force. Moncrieffe v. Holder, 569 U.S. 184, 190-91 (2013). The government cannot meet this burden.

The most innocent way of completing a Hobbs Act robbery is by placing someone in fear of injury to his intangible property. In United States v. Iozzi, 420 F.3d 512, 514 (4th Cir. 1970), the Fourth Circuit interpreted the term "property" in the Hobbs Act statute to include "intangible property." Other circuits have adopted this meaning as well. See United States v. Arena, 180 F.3d 380, 392 (2d Cir. 1999) ("While often the property involved is an existing physical asset, the concept is not limited to tangible things, but includes intangible assets such as rights to solicit customers and to conduct a lawful buisiness."); United States v. Debs, 949 F.2d 199, 201 (6th Cir. 1991) (concept of property in Hobbs Act not limited to tangible property, also includes intangible property); United States v. Local 560 of the international Brotherhood of Teamsters, chauffeurs, Warehousemen, and Helpers

of America, 780 F.2d 267, 281 (3d Cir. 1986) (Hobbs Act makes no distinction between tangible and intangible property); United States v. Zemek, 634 F.2d 1159, 1174 (9th Cir. 1980) (in Hobbs Act, property refers to tangible and intangible property); United States v. Nadaline, 471 F.2d 340, 344 (5th Cir. 1973) (intangible property protected by Hobbs Act). Because threatening injury to intangible property does not equal physical force – let alone violent physical force – against a person, Hobbs Act robbery categorically fails to qualify as a "crime of violence" under 18 USC 924(c)(3)(A)'s "force" clause.

If the government argues these cases are all Hobbs Act Extortion cases. The government, again ignores the principles of statutory construction. It is well settled that when an identical word appears in different parts of the statute, it must be assigned the same meaning unless Congress indicates otherwise. See Gustafen v. Alloyd Co., 513 U.S. 561, 570 (1995) (" normal rule of statutory construction [is] that identical words used in different parts of the same act are intended to have the same meaning"). Therefore, the term "property" which appears in both the Hobbs Act robbery subsection (18 U.S.C. 1951(b)(1)) as well as the extortion subsection (18 U.S.C. 1951(b)(2)) must be given the same meaning. The government cannot point to any authority holding to the contrary.

Moreover, this Court's jury instructions for Hobbs Act robbery reinforce that it can be perpetrated by threatening injury to intangible property. These instructions

specifically provide that Hobbs Act robbery - not just extortion - can be carried out by threatening injury to intangible property (i.e. "economic harm").

Because it is evident that Hobbs Act robbery can be completed by threatening injury to intangible property, it does not include an element requiring the use of violent physical force against a person. But even if this court were to assume that Hobbs Act robbery can be committed only by threatening injury to tangible property, such a threat still does not incorporate a threat of violent physical force against a person. Additionally, any such threat lacks immediacy because § 1951(b) explicitly allows for a future threat of injury to property.

Under these expansive terms, Hobbs Act robbery can be accomplished by threats such as "Give me $10 or I'll key your car [sometime in the near future]" or "Open the cash register or I'll tag your windows [sometime in the near future]" United States v. Becerril-Lopez, 541 F.3d 881, 891 (9th Cir. 2008) (noting ways of violating the California robbery statute which, like Hobbs Act robbery, can be accomplished by threats to property). These threats, which can be part of a Hobbs Act robbery, cannot be characterized as threats of violent physical force against a person. Rather, they are express threats against property. In other words, a jury could find that the Petitioner caused another to fear future economic loss without using or threatening violent physical force. Hobbs Act robbery does not have

(11)

an element of violent physical force.

If the government contends that, despite §1951(b)'s explicit inclusion of threats against property, that no "realistic probability" exists that Hobbs Act robbery can be accomplished without the use, attempted use, or threatened use of violent physical force against a person.

The government must misunderstand the "realistic probability" test of Gonzales v. Duenas-Alvarez, 549 U.S. 183, 193 (2007). First, as the Fourth Circuit held in Torres-Miguel, 701 F.3d at 170, the "realistic probability" test does not apply to the "force" clause, but rather only applies when determining whether an offense qualifies as a "generic offense" under the enumerated offenses clause: "[B]y its own terms, [Duenas-Alvarez] 'applies only to determinations of whether a 'state statute creates a crime outside the generic definition of a listed crime [.]'" Torres-Miguel, 701 F.3d at 170. As a result, under the terms of Torres-Miguel, if any possibility exists, no matter how slim, that an offense can be committed without the use, attempted use, or threatened use of violent physical force against another person, then the offense does not satisfy the force clause. Id. at 171.

In Torres-Miguel, the defendant did not cite to a single case in which anyone had, in fact, been prosecuted for conduct under the relevant offense (i.e. California Terroristic Threats) that did not equal a threat of violent physical force; yet, the court still found that the offense still failed to satisfy the force clause because the possibility

existed that it could be violated without the threat of violent physical force. Id. That same possibility exists here because the face of the Hobbs Act robbery statute provides that the offense can be committed by threat of injury to property. 18 U.S.C. §1951(b).

Even if the "realistic probability" test does apply here, it is satisfied because, again, the text of the Hobbs Act robbery itself provides that the offense can be violated by a threat of injury to "property." See O'Conner, 874 F.3d at 1154 (Hobbs Act robbery perpetrated by using force against property). No more is required. Indeed, where as here, a statute explicitly defines a crime more broadly than the force clause, no "legal imagination" is required to hold that a realistic probability exists that the government can apply the statute to conduct that falls outside the force clause. United States v. Titties, 852 F.3d 1257, 1273-74 (10th Cir. 2017). The statute's greater breadth is evident then from its text. Id.; see also United States v. Grisel, 488 F.3d 844,850 (9th Cir. 2007) (en banc) (same); Jean-Louis v. Attorney General, 582 F.3d 462, 481 (3d Cir. 2009)(realistic probability was satisfied where state statute's greater breadth was evident from the text of the statute).

Hobbs Act robbery is not a crime of violence as described in 18 U.S.C. §924(c)(3)(A)'s force clause because it requires only common-law "force", not violent physical force.

Since 2010, the United States Supreme Court has held that an offense qualifies as a crime of violence under the

force clause only if it requires the use, attempted use, or threatened use of violent physical force. Johnson I, 559 U.S. at 140. "[T]he phrase 'physical force' means violent force—that is, force capable of causing physical pain or injury to another person." Id.

The Hobbs Act's definition of robbery as taking "by means of ... force" fails to satisfy this violent physical force requirement. 18 U.S.C. 1951(b)(1). In the Hobbs Act, robbery—and by extension, the term "force"—is defined "in terms consistent with the traditional common-law definition" of robbery. United States v. Farmer, 73 F.3d 836, 842 (8th Cir. 1996). Indeed, for over fifty years, federal circuit courts have reiterated that Hobbs Act "robbery" is merely a form of common-law robbery, with the added interstate commerce jurisdictional element. See United States v. Nedley, 255 F.2d 350, 357 (3d Cir. 1958) ("'Robbery' under the Hobbs Act, is common-law robbery."); see also United States v. Peterson, 236 F.3d 848, 851 (7th Cir. 2001), abrogated on other grounds by Taylor v. United States, 136 S. Ct. 2074 (2016) (stating that proof of interstate commerce element "differentiates Hobbs Act violations from common-law robbery."); United States v. Wiseman, 172 F.3d 1196, 1214 (10th Cir. 1999), abrogated on other grounds by Rosemond v. United States, 134 S. Ct. 1240 (2014) (same); United States v. Harrington, 108 F.3d 1460, 1470 (D.C. Cir. 1997) (Hobbs Act robbery does not "specify [] precisely when an individual robbery should be considered complete, and

therefore we look to the common-law of robbery to answer this question.")

Common-law robbery by "force" does not require violent force; rather it requires only that force necessary to accomplish the taking of the property, no matter how slight. 77 C.J.S. Robbery § 23 (2016) ("The amount or degree of force requisite to robbery is such force as is actually sufficient to overcome the victim's resistance. If the force used is sufficient to overcome resistance, the particular degree of violence employed is immaterial as an element of the crime... Thus, it has been said that any force, no matter how slight, which induces the victim to part with his or her property is sufficient to sustain a robbery conviction.") See 3 Wayne R. LaFave, Substantive Criminal Law § 20.3 (d)(i) (2d ed.) (the pickpocket who "jostles the owner" or removes an item attached to the persons clothing has committed common-law robbery by force).

Hobbs Act robbery is derived from common-law robbery, and more specifically from New York's robbery statute. It should be noted: the definitions in the Hobbs Act "are copied from the New York Code substantially," and the New York robbery statute at the time of the Hobbs Act's passage stated that the "degree of force employed is immaterial." N.Y. Penal Law § 2122 (1946); see also Thomas J. Atkins v. Mass. Bonding and Ins. Co., 128 N.Y.S. 2d 784, 788 (Mun. Ct. 1954) (setting out Penal Law §§ 2120, 2122), reversed on other grounds, 139 N.Y.S. 2d 446, 447

(App. Term 1955).

"It is well-established principle of statutory construction that when one jurisdiction adopts the statute of another jurisdiction as its own, there is a presumption that the construction placed upon the borrowed statute by the courts of the original jurisdiction is adopted along with the statute and treated as incorporated therein." United States v. Aguon, 851 F.2d 1158, 1164 (9th Cir. 1988) (en banc) (citations omitted). Thus, when Congress adopted New York's definition of robbery in passing the Hobbs Act, it adopted a definition that covers any forcible taking, which in New York, can be accomplished without the violent physical force essential to a "crime of violence."

The force required by New York's robbery statute is common-law force. Because the degree of force employed is immaterial, courts found sufficient force in "bump[ing] th[e] victim," People v. Lee, 602 N.Y.S. 2d 138, 139 (App. Div. 1993), "shov[ing] the victim," People v. Bennett, 592 N.Y.S. 2d 918, 918 (App. Div. 1993), forming a "human wall that block[s] the victim's path," People v. Bennett, 631 N.Y.S. 2d 834, 834 (App. Div. 1995), or where the victim and robber "tug [] at each other until defendant's hand slip[s] out of the glove holding the money," People v. Safon, 560 N.Y.S. 2d 552, 552 (App. Div. 1990). Accordingly, at least one New York federal court has interpreted the state's common-law-based robbery statute as not requiring violent physical force. United States v. Moncrieffe, 167 F. Supp. 3d 383, 404-05 (E.D.N.Y. 2016) (Weinstein, J.).

As a last stand against the force of this precedent, the government may suggest that force and violence are not separate concepts with independant meaning. Instead force "means any force, no matter how slight'" which "'includes violence and makes violence surplus,'" Id. (quoting United States v. Pena, 161 F. Supp. 3d 268, 276 (S.D.N.Y. 2016)). The government may suggest that, any force is violent physical force. This arguement is untenable. The fact that these words are listed in the disjunctive and not together shows that Congress did <u>not</u> intend that they mean the same thing.

In United States v. Geozos, the court explained when a statute uses the terms 'force' and 'violence' separately, then not all "force" that is covered by the statute is 'violent force', 870 F.3d 890, 900 (9th Cir. 2017). Only 'violent force', that is, "strong physical force," (Johnson I, 559 U.S. at 140) qualifies under the force clause. Geozos, 870 F.3d at 900. Because Congress used the terms in the disjunctive, that alone is reason to doubt whether a conviction for violating §1951 qualifies as a conviction for a crime of violence. See Geozos, 870 F.3d at 900 (finding it unlikely that florida's robbery statute has an element of violent force because it uses force and violence separately).

In sum, numerous federal courts have now held that common-law robbery statutes, both state and federal, fail to satisfy Johnson I's violent physical force requirement because common-law robbery may be accomplished by

(17)

use of any amount of "force." See, e.g. United States v. Winston, 850 F.3d 677, 683-86 (4th Cir. 2017) (Virginia common-law robbery, which is defined as the taking of another's personal property by "violence or intimidation", is not violent felony because violence element can be satisfied by any resistance). Since Hobbs Act robbery is simply a form of common-law robbery, See e.g. Nedley, 255 F.2d at 357, it follows then that the government does not have to prove the accused threatened violent physical force. Thus, Hobbs Act robbery by "force" also fails to satisfy Johnson I's violent physical force requirement.

In sum, from the landscape of controlling caselaw that is presented in this motion and elsewhere; because Hobbs Act's robbery definition does **not** specifically states that Petitioner used, attempted to use, or threatened to use "<u>violent physical force</u>" when perpetrating his crimes; Hobbs Act robbery is not a "crime of violence," as outlined by the United States Supreme Court in Johnson I, 559 U.S. 133 (2010).

Please answer these additional questions about this petition:

7.  Are you challenging your conviction or sentence in any of the grounds raised above? Yes ☑   No ☐
    (Claims challenging a federal conviction or sentence may only be raised in a motion under 28 U.S.C. § 2255, unless the § 2255 motion is legally inadequate or ineffective.)

    If yes, answer the following:

    (a) Have you filed a motion under 28 U.S.C. § 2255?    Yes ☑   No ☐

        If yes, answer the following:

        (1) Name of court: __Sixth Circuit Court of Appeals__

        (2) Case number: __NA__

        (3) Opinion or case number: __NA__

        (4) Result: __Denied.__

        (5) Date of result: __NA__

        (6) Issues raised: __NA__

        Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.

    (b) Explain why the remedy under § 2255 is inadequate or ineffective: __Petitioner's 18 USC 924(c) convictions was rendered "noncriminal" "non-existent" and Petitioner is now "actually innocent" for seven (7) 18 USC 924(c) convictions pursuant to the Johnson and Dimaya rulings issued after Petitioner's direct appeal and first 28 USC 2255 motion overruling well-established circuit interpretation and Petitioner cannot meet gatekeeping provision because issue not constitutional law.__

8.  If this case concerns immigration removal proceedings, answer the following:

    (a) Date you were taken into immigration custody: __NA__

    (b) Date of removal or reinstatement order: __NA__

    (c) Did you file an appeal with the Board of Immigration Appeals?   Yes ☐   No ☐

        (1) Date you filed: __NA__

        (2) Case number: __NA__

(3) Result: _NA_

(4) Date of result: _NA_

(5) Issues raised: _NA_

Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.

(d) Did you file an appeal with the federal court of appeals?   Yes ☐   No ☐

    (1) Name of the court: _NA_

    (2) Date you filed: _NA_

    (3) Case number: _NA_

    (4) Result: _NA_

    (5) Date of result: _NA_

    (6) Issues raised: _NA_

Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.

9. Petitioner asks that the Court grant the following relief: For the reasons stated, as well as those set forth in the memorandum of law attached, Petitioner requests that this Court grant relief under 28 USC 2241, vacate the convictions and sentence imposed, and resentence Petitioner to seven (7) Hobbs Act robberies and dismiss all other counts. or any other relief to which Petitioner may be entitled. (Money damages are not available in habeas corpus cases.)

I declare under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _8-26-2018_ (month, day, year).

_Michael Lee Gordon_ #64459-061
**Signature of Petitioner**

_NA_                                              _8-24-2018_
Signature of attorney, if any                     Date