**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Michael Lee Gordon,

                Petitioner,

v.

C. Howard, Warden,[1]

                Respondent.

No. CV-18-00442-TUC-JCH (BGM)

**REPORT AND RECOMMENDATION**

      Currently pending before the Court is Petitioner Michael Lee Gordon's *pro se* Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in Federal Custody ("Petition") (Doc. 1). Respondent has filed a Response to Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Response") (Doc. 21) and Petitioner replied (Doc. 22). Petitioner also filed supplements (Docs. 16, 17) to his Petition. The Petition is ripe for adjudication.

      Pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure,[2] this matter was referred to Magistrate Judge Macdonald for Report and Recommendation. The Magistrate Judge recommends that the District Judge dismiss the Petition (Doc. 1).

. . .

. . .

---

[1] The Court takes judicial notice that J. Baltazar is no longer warden of USP–Tucson. As such, the Court will substitute the new Complex Warden at the Federal Correctional Complex in Tucson, Arizona, which includes USP–Tucson. Accordingly, Warden C. Howard is substituted as the sole Respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

[2] Rules of Practice of the United States District Court for the District of Arizona.

I.      **FACTUAL AND PROCEDURAL BACKGROUND**

      *A.      Federal Conviction and Sentencing*

      Between October 31, 1997 and December 4, 1997, Petitioner was "involved in seven armed robberies of commercial establishments." *United States v. Gordon*, No. 99-3679, 2000 WL 1785905 at *1 (6th Cir. Nov. 22, 2000).  On November 17, 1998 a superseding indictment was filed, and Petitioner was charged with seven (7) Hobbs Act violations pursuant to Section 1851, Title 18, United States Code, and seven (7) additional counts for use of a firearm during the robberies pursuant to Section 924(c), Title 18, United States Code.  *Id.* at *2.  "The superseding indictment included the robberies of the Buckeye Pawn Shop (count 1), Remo's Pizza (count 3) and the Chatter Box Lounge (count 5), as previously alleged in the superseding information, and added the November 17, 1997 robbery of the Red Brick Inn (count 7), the November 28, 1997 robbery of the Beck Tavern (count 9), the December 1, 1997 robbery of the Diamond 1 & 4 Saloon (count 11)[,] and the December 4, 1997 robbery of the Southgate Lounge (count 13)." *Id.* at *2 n. 3.  "On March 1, 1999, the trial began on the superseding indictment and resulted in convictions of all 14 counts." *Id.* at *2.  On May 20, 1999, Petitioner was "sentenced to a term of imprisonment for 137 years and six months as a result of the consecutive nature of the punishment for § 924(c) violations." *Id.* at *1; Petition (Doc. 1) at 4.

      Petitioner appealed his conviction to the Sixth Circuit Court of Appeals and "raise[d] a series of issues relating to the guilty plea discussions, the successful *Batson* challenge by the government, and application of the Hobbs Act." *Gordon*, 2000 WL 1785905, at *3.  The appellate court addressed whether 1) "the district court commit[ted] error in refusing to enforce the alleged oral plea agreement and in failing to conduct an evidentiary hearing following the March 3, 1999 motion to compel enforcement of the alleged plea agreement"; 2) "the denial of Gordon's peremptory challenge to an African-American male violate[d] *Batson v. Kentucky*, 476 U.S. 79 (1986)"; 3) "the Government's use of the Hobbs Act as applied to the robberies of the seven commercial

establishments exceed[ed] the Federal Government's constitutional authority to regulate commerce between the States"; and 4) whether "the district court commit[ted] error in the jury instructions as to the required effect on interstate commerce with respect to a Hobbs Act violation[.]" *Gordon*, 2000 WL 1785905, at *3–10. The appellate court rejected Petitioner's arguments and affirmed his convictions and sentence. *See id.*

### B. Collateral Challenges

#### 1. Section 2255

"Gordon filed his first § 2255 motion to vacate in 2001." *In re Gordon*, No. 18-3449, 2018 WL 3954189, at *1 (6th Cir. Aug. 14, 2018). Gordon subsequently "filed several unsuccessful motions seeking [the Sixth Circuit Court of Appeals'] authorization for a second or successive § 2255 motion to vacate." *Id.* "In support of [Petitioner's most recent § 2255] motion, Gordon assert[ed] that his convictions for Hobbs Act robbery do not qualify as crimes of violence under 18 U.S.C. § 924(c)(3)(B) in light of the Supreme Court's decision in *Sessions v. Dimaya*, 138 S. Ct. 1204, 1210–11 (2018), holding that the identically worded definition of 'crime of violence' under 18 U.S.C. § 16(b) is unconstitutionally vague." *In re Gordon*, 2018 WL 3954189, at *1. The appellate court denied authorization for a second or successive § 2255 motion to vacate because Petitioner could not "make a prima facie showing that his proposed motion relie[d] on 'a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.'" *In re Gordon*, 2018 WL 3954189, at *1 (quoting 28 U.S.C. § 2255(h)(2); then citing 28 U.S.C. § 2244(b)(3)(C)). The Sixth Circuit Court of Appeals further observed that "[e]ven if the Supreme Court had announced that *Dimaya* applies to § 924(c)(3)(B), that rule has no effect on Gordon's case because his convictions for Hobbs Act robbery qualify as crimes of violence under § 924(c)(3)(A) as offenses having 'as an element the use, attempted use, or threatened use of physical force against the person or property of another.'" *In re Gordon*, 2018 WL 3954189, at *1 (quoting *United States v. Gooch*, 850 F.3d 285, 291–92 (6th Cir. 2017)).

## 2.  **Section 2241**

Petitioner filed for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the Southern District of Ohio.  *Gordon v. Baltazar*, No. 2:18-CV-01175, 2018 WL 6308658 (S.D. Ohio December 3, 2018).  Petitioner argued that "under the Supreme Court's decisions in *Johnson* and *Dimaya*, his Hobbs Act robbery convictions do not qualify as crimes of violence under 18 U.S.C. § 924(c)(3)(B)[] and that his § 924(c) convictions must fail as unconstitutionally vague, and therefore he is 'actually innocent of the crimes charged."  *Gordon*, 2018 WL 6308658, at \*2.  The magistrate judge recommended dismissal for lack of jurisdiction because Petitioner was detained in Tucson, Arizona, and a petition filed pursuant to "§ 2241 must be filed in the district court having jurisdiction over the petitioner's custodian."  *Gordon*, 2018 WL 6308658, at \*2 (citations omitted). The magistrate judge further noted that "Petitioner's claims are not of the 'rare kind' that may be properly brought in an action under § 2441."  *Gordon*, 2018 WL 6308658, at \*2 (citations omitted).  The court held that § 2241 was an improper mechanism for relief, and Petitioner's "claims under *Johnson* or *Dimaya* must be brought under § 2255." *Gordon*, 2018 WL 6308658, at \*3 (citations omitted).  Additionally, the court observed that Petitioner's "claim plainly fails[,] [because] [t]he Sixth Circuit has expressly held that entirely independent of § 924(c)(3)(B)'s residual clause, Hobbs Act robbery constitutes a 'crime of violence' under § 924(c)(3)(A)'s 'use of force clause.'" *Gordon*, 2018 WL 6308658, at \*2 n. 1 (internal quotations and citations omitted).

The District Judge adopted the Report and Recommendation and dismissed Petitioner's § 2241 petition due to lack of jurisdiction.  *Gordon v. Baltazar*, No. 2:18-cv-1175, 2019 WL 76525 (S.D. Ohio January 2, 2019).  "The court further conclude[d] that even if [it] had jurisdiction under § 2241 over petitioner's claim, petitioner ha[d] failed to show that he meets the requirements for proceeding under § 2241."  *Id.*, at \*2. Subsequently, the Sixth Circuit Court of Appeals held that "[t]he district court correctly dismissed Gordon's § 2241 habeas petition because Gordon filed his motion in the United States District Court for the Southern District of Ohio, even though he was

1  confined in Tucson, Arizona." *Gordon v. Warden*, No. 19-3063, 2019 WL 3297519, at
2  *1 (6th Cir. May 17, 2019).

3  ### C.    The Instant Habeas

4  On August 31, 2018, Petitioner filed his Petition Under 28 U.S.C. § 2241 for a
5  Writ of Habeas Corpus by a Person in Federal Custody ("Petition") (Doc. 1).  Petitioner
6  asserts that "[p]ursuant to Johnson and Dimaya[3] . . . 18 USC 1951 (ie Hobbs Act
7  Robbery) categorically fails to qualify as a 'crime of violence' under 18 USC
8  924(c)(3)(B)'s 'force clause,' and because 18 USC 924(c)'[s] residual clause is
9  unconstitutionally vague, no legal basis exists for an 18 USC 924(c) conviction and
10  sentence and Petitioner is 'actually innocent.'"  Petition (Doc. 1) at 4.[4]  Petitioner urges
11  that "because his 18 USC 924(c) convictions relied on an underlying offense which is not
12  a 'crime of violence,' his convictions and sentences under 924(c) is [sic] invalid."  *Id.* at
13  6 (emphasis in original).  Petitioner further urges that "because Hobbs Act's robbery
14  definition does not specifically states [sic] that Petitioner used, attempted to use, or
15  threatened to use "**violent physical force**" when perpetrating his crimes; Hobbs Act
16  robbery is not a 'crime of violence,' as outlined by the United States Supreme Court in
17  Johnson I, 559 U.S. 133 (2010)."   Petition (Doc. 1) at 18 (emphasis in original).
18  Petitioner also challenges the validity of his convictions pursuant to the First Step Act of
19  2018.  Pet.'s Supplement (Docs. 16 & 17); Reply (Doc. 22) at 5.  Petitioner explains that
20  the remedy under § 2255 is inadequate or ineffective because his convictions were
21  "rendered 'noncriminal,' 'non-existent,' and Petitioner is now 'actually innocent' for
22  seven (7) 18 USC 924(c) convictions pursuant to the Johnson and Dimaya rulings issued
23  after Petitioner's direct appeal and first 28 USC 2255 motion overruling well-established
24  circuit interpretations and Petitioner cannot meet gatekeeping provisions because issue
25  not constitutional law."  Petition (Doc. 1) at 19 (emphasis in original); *see also* Reply

26
27  [3] *Johnson v. United States*, 576 U.S. 591, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015);
   *Sessions v. Dimaya*, — U.S. —, 138 S. Ct. 1024, 200 L. Ed. 2d 549 (2018).

28  [4] Page citations refer to the Case Management/Electronic Case Files ("CM/ECF") page
   number for ease of reference.

(Doc. 22) at 3–4.  Accordingly, Petitioner seeks the court to "vacate the convictions and sentence imposed and resentence Petitioner to seen (7) Hobbs Act robberies and dismiss all other counts." *Id.* at 20.

## II.    ANALYSIS

### A.    *Legal Standards*

"As a general rule, § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention."  *Harrison v. Ollison*, 519 F.3d 952, 955 (9th Cir. 2008) (quotations and citations omitted).  Section 2255 provides that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).  Usually, "motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court."  *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000) (citations omitted); *see*  28 U.S.C. §§ 2241(d), 2255(a).  "Under the savings clause of § 2255, however, a federal prisoner may file a habeas corpus petition pursuant to § 2241 to contest the legality of a sentence where his remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'"  *Hernandez*, 204 F.3d at 864–65 (quoting 28 U.S.C. § 2255; then citing *Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999)).  "We refer to this section of § 2255 as the 'savings clause[]' or the 'escape hatch.'"  *Harrison*, 519 F.3d at 956 (quotations and citations omitted).  "If a prisoner's claims qualify for the escape hatch of § 2255, the prisoner may challenge the legality of a sentence through a § 2241 petition in the custodial court."  *Id.* (citations omitted).

. . .

1

### B.    Jurisdiction

2

"[I]n order to determine whether jurisdiction is proper, a court must first determine

3

whether a habeas petition is filed pursuant to § 2241 or § 2255 before proceeding to any

4

other issue." *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000).

5

Here, Petitioner is a federal prisoner contesting the legality of his sentence by

6

challenging his seven (7) additional convictions for use of a firearm during the robberies

7

pursuant to Section 924(c), Title 18, United States Code, arguing that because its

8

"residual clause is unconstitutionally vague, no legal basis exists for an 18 USC 924(c)

9

conviction and sentence and Petitioner is 'actually innocent.'" *See* Petition (Doc. 1) at 4.

10

As such, Petitioner's request for relief should be asserted under section 2255 in the

11

Southern District of Ohio.   Petitioner does not contend otherwise, but rather argues that

12

the § 2255 remedy is inadequate or ineffective because his convictions were "rendered

13

'noncriminal,' 'non-existent,' and Petitioner is now 'actually innocent' for seven (7) 18

14

USC 924(c) convictions pursuant to the Johnson and Dimaya rulings issued after

15

Petitioner's direct appeal and first 28 USC 2255 motion overruling well-established

16

circuit interpretations and Petitioner cannot meet gatekeeping provisions because issue

17

not constitutional law.   Petition (Doc. 1) at 19 (emphasis in original); *see also* Reply

18

(Doc. 22) at 3–4.   Therefore, whether this Court has jurisdiction over Petitioner's section

19

2241 petition depends on whether section 2255's escape hatch applies.

20

### 1.  Section 2255 Escape Hatch

21

"The escape hatch permits a federal prisoner to file a habeas corpus petition

22

pursuant to § 2241 to contest the legality of a sentence where his remedy under § 2255 is

23

inadequate or ineffective to test the legality of his detention." *Stephens v. Herrera*, 464

24

F.3d 895, 897 (9th Cir. 2006) (quotations and citations omitted).   Section 2255's escape

25

hatch provision provides:

26

> An application for a writ of habeas corpus in behalf of a prisoner
> who is authorized to apply for relief by motion pursuant to this section,

27

> shall not be entertained if it appears that the applicant has failed to apply for
> relief, by motion, to the court which sentenced him, or that such court has

28

1
2

denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

3
4
5
6

28 U.S.C. § 2255(e).  The Ninth Circuit Court of Appeals "ha[s] held that a motion meets the escape hatch criteria of § 2255 when a petitioner (1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." *Harrison v. Ollison*, 519 F.3d 952, 959 (9th Cir. 2008) (quotations and citations omitted).

7

## 2.  **Actual Innocence**

8
9
10
11
12
13
14
15
16
17
18

"In this circuit, a claim of actual innocence for purposes of the escape hatch of § 2255 is tested by the standard articulated by the Supreme Court in *Bousley v. United States*, 523 U.S. 614, 118 S. Ct. 1604, 140 L.Ed.2d 828 (1998)[.]" *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006).  "To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him."  *Bousley*, 523 U.S. at 623, 118 S. Ct. at 1611 (quotations and citations omitted).  "A petitioner is actually innocent when he was convicted for conduct not prohibited by law." *Alaimalo v. United States*, 645 F.3d 1042, 1047 (9th Cir. 2011) (citations omitted).  "It is important to note . . . that 'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623, 118 S. Ct. at 1611 (citations omitted).

19
20
21
22
23
24
25
26
27
28

Here, Petitioner urges that "because his 18 USC 924(c) convictions relied on an underlying offense which is <u>not</u> a 'crime of violence,' his convictions and sentences under 924(c) is [sic] invalid."  Petition (Doc. 1) at 6 (emphasis in original).  Petitioner does not argue that he is factually innocent of Hobbs Act robbery, rather he argues that those convictions do not qualify as crimes of violence.  *See id.*  "[A] retroactive intervening change in the law may render a petitioner factually innocent of a predicate crime." *Allen v. Ives*, 95  F.3d 1184, 1190 (9th Cir. 2020).  The Sixth Circuit Court of Appeals, however, has found that Hobbs Act robbery constitutes a crime of violence under the elements clause of § 924(c). *United States v. Gooch*, 85 F.3d 285, 291–92 (6th Cir. 2017); *In re Gordon*, No. 18-3449, 2018 WL 3954189, at *1 (6th Cir. Aug. 14,

2018).  As such, Petitioner's reliance on the Supreme Court's invalidation of Section 924(c)'s residual clause cannot create "a cognizable claim of 'actual innocence' for the purposes of qualifying to bring a § 2241 petition under the escape hatch."  *Marrero v. Ives*, 682 F.3d 1190, 1193 (9th Cir. 2012).

### 3.  Unobstructed Procedural Shot

The second requirement for the § 2255 escape hatch is for Petitioner to not have had an unobstructed procedural shot at presenting his claim.  *Harrison v. Ollison*, 519 F.3d 952, 959 (9th Cir. 2008).  Section 2255's escape hatch provision is "narrow" and its "remedy is not inadequate or ineffective merely because § 2255's gatekeeping provisions prevent the petitioner from filing a second or successive petition."  *Ivy v. Pontesso*, 328 F.3d 1057, 1059 (9th Cir. 2003) (quotations and citations omitted).  "[T]he general rule in this circuit is that the ban on unauthorized second or successive petitions does not per se make § 2255 inadequate or ineffective."  *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006) (quotations and citations omitted) (alterations in original).  The question is "whether [Petitioner's] actual innocence claim was unavailable to him during his direct appeal and his first § 2255 motion."  *Alaimalo v. United States*, 645 F.3d 1042, 1047 (9th Cir. 2011).  In making this determination, the Court considers "(1) whether the legal basis for petitioner's claim did not arise until after he had exhausted his direct appeal and first § 2255 motion, and (2) whether the law changed in any way relevant to petitioner's claim after that first § 2255 motion."  *Harrison*, 519 F.3d at 960 (internal quotations and citations omitted).

Petitioner asserts that "[p]ursuant to Johnson and Dimaya . . . 18 USC 1951 (ie Hobbs Act Robbery) categorically fails to qualify as a 'crime of violence' under 18 USC 924(c)(3)(B)'s 'force clause,' and because 18 USC 924(c)'[s] residual clause is unconstitutionally vague, no legal basis exists for an 18 USC 924(c) conviction and sentence and Petitioner is 'actually innocent.'"  Petition (Doc. 1) at 4.  As discussed in Section II.B.2., *supra*, the Sixth Circuit has held that Hobbs Act robbery is a crime of violence under Section 924(c)'s elements clause.  *United States v. Gooch*, 85 F.3d 285,

291–92 (6th Cir. 2017); *In re Gordon*, No. 18-3449, 2018 WL 3954189, at *1 (6th Cir. Aug. 14, 2018).  The Supreme Court's invalidation of Section 924(c)'s residual clause is not a change in the law relevant to Petitioner's claim.  Petitioner cannot be said to have lacked an unobstructed procedural shot to present his claim.  Accordingly, Petitioner does not qualify for section 2255's escape hatch.

### 4.  Conclusion

Plaintiff does not meet the criteria for section 2255's escape hatch.  He cannot show either actual innocence or an unobstructed procedural shot at presenting his claim.  As such, this court lacks jurisdiction over Petitioner's petition.

### C.   *First Step Act*

Petitioner relies on Section 403 of the First Step Act and asserts that Congress's "clarification of Section 924(c) limiting Petitioner's criminal exposure, rendering Petitioner's offense non-existent and removing the power of the criminal law making authority to prescribe, has invalidated Petitioner's six (6) second or subsequent 18 USC 924(c) convictions and rendered Petitioner 'actually innocent.'"  Pet.'s Supplement (Doc. 16) at 4.  The First Step Act states "[t]his section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, *if a sentence for the offense has not been imposed as of such date of enactment*."  Pub. L. 115-391, § 403(b) (emphasis added).

Petitioner was sentenced on May 20, 1999.  Petition (Doc. 1) at 4.  The First Step Act was enacted on December 21, 2018.  As such, the First Step Act is inapplicable to Petitioner.

## III.   DISMISSAL VERSUS TRANSFER

In light of this Court's conclusion that the Petition does not qualify for section 2255's escape hatch, if he is to proceed at all, it must be before his sentencing court in the Southern District of Ohio.  As such, the Court must determine whether transfer of this action to the sentencing court or dismissal is appropriate.  *See* 28 U.S.C. § 1631.

"Transfer is appropriate under § 1631 if three conditions are met: (1) the transferring court lacks jurisdiction; (2) the transferee court could have exercised jurisdiction at the time the action was filed; and (3) the transfer is in the interest of justice." *Cruz-Aguilera v. I.N.S.*, 245 F.3d 1070, 1074 (9th Cir. 2001) (citations omitted).  This Court lacks jurisdiction over the petition, satisfying the first criteria.

The second criteria is not met, because this Petition would be a second or successive motion in the Southern District of Ohio since Petitioner has previously filed and was denied relief on a section 2255 motion.  Petitioner would have to seek and obtain authorization from the Sixth Circuit in order to proceed.  *See* 28 U.S.C. § 2255(h).  "If the petitioner does not first obtain [the circuit court's] authorization, the district court lacks jurisdiction to consider the second or successive application." *United States v. Lopez*, 577 F.3d 1053, 1061 (9th Cir. 2009) (citations omitted).  The Sixth Circuit Court of Appeals has previously denied Petitioner's request to file a second or successive motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 based on the assertion that "Hobbs Act robbery does not qualify as crimes of violence under 18 U.S.C. § 924(c)(3)(B) in light of the Supreme Court's decision in *Sessions v. Dimaya*[.]" *In re Gordon*, No. 18-3449, 2018 WL 3954189, at *1 (6th Cir. Aug. 14, 2018).  As such, the transferee court would not have jurisdiction.

Finally, because the transferee court would not be able to exercise jurisdiction over the instant case, transfer of the case would not further the interests of justice.  Accordingly, dismissal of the instant Petition (Doc. 1) is warranted.

## IV.   RECOMMENDATION

For the reasons delineated above, the Magistrate Judge recommends that the District Judge enter an order DISMISSING Petitioner's Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in Federal Custody (Doc. 1) for lack of jurisdiction.

Pursuant to 28 U.S.C. § 636(b) and Rule 72(b)(2) of the Federal Rules of Civil

Procedure, any party may serve and file written objections within fourteen (14) days after being served with a copy of this Report and Recommendation.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b)(2).  No replies shall be filed unless leave is granted from the District Court.  If objections are filed, the parties should use the following case number:  **CV-18-0442-TUC-JCH**.

Failure to file timely objections to any factual or legal determination of the Magistrate Judge may result in waiver of the right of review.  The Clerk of the Court shall send a copy of this Report and Recommendation to all parties.

Dated this 29th day of March, 2021.

Honorable Bruce G. Macdonald
United States Magistrate Judge