1
2
3
4
5
6

## IN THE UNITED STATES DISTRICT COURT

7

## FOR THE DISTRICT OF ARIZONA

8
9   Michael Lee Gordon,                    No. CV-18-00442-TUC-JCH

10              Petitioner,                **ORDER**

11   v.

12   J. Baltazar,

13              Respondent.

14

15          Before the Court is a Report and Recommendation issued by United States

16   Magistrate Judge Bruce G. Macdonald recommending the district court deny Petitioner's

17   habeas petition filed pursuant to 28 U.S.C. § 2241. (Doc. 26.)  No party objected to the

18   Report and Recommendation and the time to object has expired. The Court will not

19   consider any objections or new evidence.

20          The Court reviews de novo any objected-to portions of the Report and

21   Recommendation. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court reviews for

22   clear error any unobjected-to portions of the Report and Recommendation. *Id. See also,*

23   *Johnson v. Zema Systems Corp*., 170 F.3d 734, 739 (7th Cir. 1999); *Conley v. Crabtree*, 14

24   F. Supp. 2d 1203, 1204 (D. Or. 1998).

25          Between October 31, 1997 and December 4, 1997, Petitioner was involved in seven

26   (7) armed robberies of commercial establishments. (Doc. 26 at 2.) He was charged with

27   seven (7) Hobbs Act violations pursuant to Section 1851, Title 18, United States Code, and

28   seven (7) additional counts for use of a firearm during the robberies pursuant to Section

924(c), Title 18, United States Code. (Doc. 26 at 2.) A trial resulted in convictions on all 14 counts. *Id*. He was sentenced to 137 years and six months because of the consecutive nature of the punishment for § 924(c) violations. *Id*.

Petitioner unsuccessfully appealed his convictions to the United States Court of Appeals for the Sixth Circuit raising, *inter alia*, a challenge to the application of the Hobbs Act. *Id*. at 2-3. He subsequently filed several petitions seeking collateral relief. *Id*. at 3. In the instant petition, Petitioner contests the legality of his sentence by challenging his seven (7) convictions for use of a firearm during the robberies under § 924(c), arguing that because its "residual clause is unconstitutionally vague, no legal basis exists for a 18 USC 924(c) conviction and sentence and he is 'actually innocent.'" *Id*. at 7.

The Report and Recommendation sets forth Petitioner's convictions, appeal, and requests for collateral relief. *See* Doc. 26 at 2-4. Magistrate Judge Macdonald examined this Court's jurisdiction to hear the instant petition under the escape hatch provision of Section 2255, Title 28, United States Code. *Id*. at 7-8. Magistrate Judge Macdonald determined that Petitioner did not satisfy the "actual innocence" requirement of Section 2255's escape hatch provision. *Id*. at 8-9. He also determined Petitioner did not satisfy the "unobstructed procedural shot" requirement of Section 2255's escape hatch provision. *Id*. at 9-10. Thus, Judge Macdonald concluded that the district court lacks jurisdiction over the instant petition. *Id*. at 12.

The magistrate judge examined whether transfer or dismissal of this action was appropriate concluding that Petitioner did not meet the three criteria required for transfer pursuant to 28 U.S.C. § 1631. *Id*. at 10-11. Thus, Judge Macdonald recommends dismissal of the petition. *Id*. at 11.

The Report and Recommendation sets forth the applicable statutes and case law governing collateral challenges and convictions under Section 924(c), Title 18, United States Code. The Court concludes that Magistrate Judge Macdonald's recommendations are not clearly erroneous, and they are adopted.

…

Before Petitioner can appeal this Court's judgment, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1). Federal Rule of Appellate Procedure 22(b) requires the district court that rendered the judgment denying the petition to either issue a certificate of appealability or state why a certificate should not issue. Fed. R. App. P. 22.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In the certificate, the court must indicate which specific issues satisfy this showing. 28 U.S.C. § 2253(c)(3). A substantial showing is made when the resolution of an issue on appeal is debatable among reasonable jurists, if courts could resolve the issue differently, or if the issue deserves further proceedings. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).

Resolution of the issues raised in the petition are not debatable among reasonable jurists and do not deserve further proceedings. Considering the standards for granting a certificate of appealability, the Court concludes that a certificate shall not issue.

Accordingly,

**IT IS HEREBY ORDERED ACCEPTING AND ADOPTING** the Report and Recommendation (Doc. 26). The habeas petition (Doc. 1) is **denied** and this case is dismissed with prejudice.

**IT IS FURTHER ORDERED DENYING** a certificate of appealability. The Clerk of the Court is directed to enter judgment accordingly and close this case.

Dated this 16th day of April, 2021.


_____
Honorable John C. Hinderaker
United States District Judge

- 3 -