**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Lee Gordon, | No. CV-18-00442-TUC-JCH |
| Petitioner, | **ORDER** |
| v. | |
| J. Baltazar, | |
| Respondent. | |

On April 28, 2021, the Court issued an order reopening this case to consider Petitioner's Objection to the Report & Recommendation. (Order, Doc. 31; Pet'r's Obj. to R. & R., Doc. 30.) Respondent filed a response. (Reply to Pet'r's Obj. Re: R. & R., Doc. 32.) As explained below, the Court overrules Petitioner's objection.

In his Report and Recommendation, United States Magistrate Judge Bruce G. Macdonald concluded the district court lacks jurisdiction over Petitioner's habeas petition. (R. & R., Doc. 26.) The threshold jurisdictional issue considered by Judge Macdonald was whether Petitioner's claims are within the scope of 28 U.S.C. § 2255's "escape hatch" provision. Magistrate Judge Macdonald concluded that Petitioner's claims do not fall within the "escape hatch" provision and thus the Court lacks jurisdiction to consider the Petition. *Id.* at p. 10.

Petitioner does not object to Magistrate Judge Macdonald's conclusion that this Court lacks jurisdiction over the Petition. (Doc. 30.) Instead, he focuses on his claim that he is entitled to habeas relief under the First Step Act. *Id.* at p. 1 ("The [First Step Act]

issue is the main (and only) focus of this objection[.]").

Because Petitioner has failed to object to Magistrate Judge Macdonald's conclusion that the Court does not have jurisdiction over his Petition the Court need not review Magistrate Judge Macdonald's conclusion under a *de novo* standard. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b) (district court reviews de novo any objected-to portions of a report and recommendation). The Court has already reviewed Magistrate Judge Macdonald's Report and Recommendation under the clear error standard and found no clear error. *See* Order, Doc. 28. Thus, there are no grounds for modifying the Court's Order adopting the Report and Recommendation in full.

Furthermore, Magistrate Judge Macdonald examined whether the First Step Act applied to Petitioner. Magistrate Judge Macdonald concluded the First Step Act does not apply to him because it is not retroactive. (Doc. 26 at p. 10, ll. 16-19.) The First Step Act states, "[t]his section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment." *See* First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194 (2018). Petitioner was sentenced on May 20, 1999. (Pet., Doc. 1 at p. 4.) The First Step Act was enacted on December 21, 2018. *See* Pub. L. 115-391. The First Step Act does not apply to Petitioner.

Accordingly,

**IT IS HEREBY ORDERED OVERRULING AND REJECTING** Petitioner's Objections to Report & Recommendation (Doc. 30). The Court's Order (Doc. 28) and the Clerk's Judgment (Doc. 29) remain in effect. The Clerk of the Court is directed to close this case.

Dated this 19th day of May, 2021.

Honorable John C. Hinderaker
United States District Judge